FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

2016 AUG 22 A 11: 19

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Case No. 1:16MJ- 385 |
| ISSAC LANIER AVANT, | ) | |
| Defendant | | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL INFORMATION

I, Brian Convery, being duly sworn, depose and declare the following:

## AFFIANT'S BACKGROUND

1. I am a special agent with Internal Revenue Service, Criminal Investigation ("IRS-CI") and have been employed in that capacity since July 2012. My responsibilities include the investigation of possible criminal violations of the Internal Revenue Code (Title 26, United States Code), the Bank Secrecy Act (Title 31, United States Code), the Money Laundering Control Act (Title 18, United States Code) and other related offenses. After completing the 26-week special agent training at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, I was assigned to the IRS-CI's Washington, DC Field Office in January 2013. My training courses at FLETC included lessons in financial investigative techniques, accounting, tax, criminal investigative techniques, criminal law, constitutional law, and search warrants. As a special agent, I have investigated various allegations of criminal tax fraud by individuals, to include violations of Title 26, United States Code, Section 7203 (Willful Failure to File a Return).

2. I have knowledge of the matters described in this affidavit through my personal participation in the investigation, as well as from information provided to me by other IRS agents, agents from other law enforcement agencies, and witnesses that were interviewed as part of the investigation. I have reviewed various documents, including tax returns, IRS tax transcripts, records from the Social Security Administration, bank records, employment records, other financial records, and records provided by interviewed witnesses with knowledge of the events described herein. Where the statements of others are related herein, those statements are related in substance and not verbatim. This affidavit contains

14217801.1

information necessary to support probable cause and is not intended to include each and every fact and matter observed by me or known to the Government.

3. I am submitting this affidavit in support of a criminal information charging Issac Lanier Avant ("Avant") for willfully failing to make and file a timely federal individual income tax return in violation of Title 26, United States Code, Section 7203, for tax years 2009, 2010, 2011, 2012, and 2013. This charge is a misdemeanor offense and those in violation are subject to imprisonment for not more than one (1) year for each count, a fine of not more than $100,000, and the costs of prosecution.

4. The elements of the offense under Title 26, United States Code, Section 7203 are:

- A legal duty to file an income tax return, supply information, maintain records, or pay a tax for the taxable year charged;
- A failure to fulfill this legal duty; and
- Willfulness.

5. A tax return is considered timely filed when it is received on or before the statutory due date. This charge is subject to a six (6) year statute of limitations from the original due date of the return. In situations where an individual obtained an extension to file, the statute of limitations does not begin to run until the extended due date.

## FACTS OF THE INVESTIGATION

6. Avant was a staffer employed by the U.S. House of Representatives since approximately 2002. During this time, Avant resided in Arlington, Virginia.

7. In May of 2005, Avant filed a Form W-4, Employee's Withholding Allowance Certificate, with his employer that claimed he was exempt from federal income taxes. Upon receipt of the Form W-4, Avant's employer stopped withholding federal income tax from Avant's monthly paycheck. Avant did not have any federal tax withheld from his paycheck from May of 2005 until the IRS mandated that Avant's employer begin withholding federal tax from Avant in January of 2013.

8. During this period of time Avant was issued a Form W-2, Wage and Tax Statement, from his employer at the end of each calendar year; the Form W-2 included the amount of his federal income tax withholding during the relevant calendar year. Avant used his Forms W-2 to self-prepare and file Forms 1040, U.S. Individual Income Tax Return, for tax years 2006 and 2007, each of which reflected zero dollars ($0.00) of total federal income tax withholding.

9.  According to the Forms W-2, Wage and Tax Statement, created by his employer, Avant received the following wages and had the following federal income tax withheld from 2009 through 2013:

| Tax Year | Wages Received | Federal Income Tax Withheld |
|---|---|---|
| 2009 | $ 171,690.72 | $ 0.00 |
| 2010 | $ 171,290.88 | $ 0.00 |
| 2011 | $ 171,139.56 | $ 0.00 |
| 2012 | $ 171,037.44 | $ 0.00 |
| 2013 | $ 170,964.12 | $ 37,168.23 |

10. During the calendar year 2009, Avant, who was a resident of Arlington, Virginia, had and received gross income of at least $18,700. On April 15, 2010, Avant submitted a 2009 Form 4868, Application for Automatic Extension of Time to File U.S. Individual Income Tax Return, which extended his due date to file his 2009 Form 1040, U.S. Individual Income Tax Return, to October 15, 2010. By reason of such gross income, he was required by law, following the close of the calendar year 2009 and on or before October 15, 2010, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, Avant did willfully fail to timely make an income tax return.

11. During the calendar year 2010, Avant, who was a resident of Arlington, Virginia, had and received gross income of at least $18,700. By reason of such gross income, he was required by law, following the close of the calendar year 2010 and on or before April 18, 2011, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, Avant did willfully fail to timely make an income tax return.

12. During the calendar year 2011, Avant, who was a resident of Arlington, Virginia, had and received gross income of at least $19,000. By reason of such gross income, he was required by law, following the close of the calendar year 2011 and on or before April 17, 2012, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, Avant did willfully fail to timely make an income tax return.

13. During the calendar year 2012, Avant, who was a resident of Arlington, Virginia, had and received gross income of at least $9,750. By reason of such gross income, he was required by law,

following the close of the calendar year 2012 and on or before April 17, 2013, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, Avant did willfully fail to timely make an income tax return.

14. During the calendar year 2013, Avant, who was a resident of Arlington, Virginia, had and received gross income of at least $10,000. By reason of such gross income, he was required by law, following the close of the calendar year 2012 and on or before April 15, 2014, to make an income tax return to any proper officer of the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Well knowing and believing the foregoing, Avant did willfully fail to timely make an income tax return.

15. On January 26, 2015, Avant was interviewed by special agents of IRS-CI and the Federal Bureau of Investigation. During this interview, Avant admitted to knowing that he was required to file tax returns and pay taxes on income earned. Avant told special agents that he did not file his 2013 Form 1040, U.S. Individual Income Tax Return, because he did not have a full year of withholding in 2013.

## CONCLUSION

16. Based on the facts set forth herein, I submit that there is probable cause to believe that Defendant Issac Lanier Avant, a resident of the Eastern District of Virginia, willfully failed to timely file tax returns with respect to tax years 2009, 2010, 2011, 2012 and 2013, in violation of Title 26, United States Code, Section 7203.

Respectfully submitted,

Brian Convery
Special Agent
Internal Revenue Service-Criminal Investigation

Sworn to and subscribed before me this 12 day of August, 2016

Notary Public

My commission expires: 6/30/2020

Alexandria, Virginia

14217801.1